**HLD-005**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1595
_____

IN RE: NELSON QUINTEROS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 4-17-cv-00290)

_____

Submitted Pursuant to Fed. R. App. P. 21
April 12, 2018

Before: SMITH, *Chief Judge*, CHAGARES and BIBAS, *Circuit Judges*

(Opinion Filed: May 4, 2018 )
_____

OPINION*
_____

PER CURIAM

Nelson Quinteros petitions pro se for a writ of mandamus in connection with his

immigration-related habeas petition that is pending in the United States District Court for

the Middle District of Pennsylvania.  We will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

I.

Quinteros is a citizen of El Salvador who has been detained by the Department of Homeland Security during the pendency of his immigration proceedings, which remain ongoing. In February 2017, he filed a pro se habeas action in the District Court pursuant to 28 U.S.C. § 2241, challenging the sufficiency of a bond hearing conducted by an immigration judge in November 2016. Magistrate Judge Joseph F. Saporito, Jr., appointed the Federal Public Defender ("FPD") to represent Quinteros in that habeas action, and the FPD filed a counseled habeas petition on Quinteros's behalf in May 2017. In June 2017, after receiving the Government's response to the habeas petition and a counseled reply from Quinteros, District Judge Matthew W. Brann referred the petition to Magistrate Judge William I. Arbuckle.

In March 2018, at which point the habeas petition remained pending before Magistrate Judge Arbuckle, Quinteros filed this pro se mandamus petition, asking us to direct "the District Court" to rule on the habeas petition. On April 23, 2018, Magistrate Judge Arbuckle issued a report recommending that Judge Brann deny the habeas petition. Pursuant to District Court Local Rule 72.3, the parties may object to that report within 14 days after being served with a copy of it.

II.

To the extent that Quinteros's mandamus petition could be construed as requesting an order directing Magistrate Judge Arbuckle to act on the habeas petition, that request is now moot in light of the April 23, 2018 report. See Blanciak v. Allegheny Ludlum

2

Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).  Although Quinteros's mandamus petition is not moot to the extent that it could be construed as requesting an order directing Judge Brann to rule on the habeas petition, this request still does not entitle Quinteros to mandamus relief.  A district judge generally has discretion over the management of his or her docket.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Although a writ of mandamus compelling a district judge to act may be warranted if that judge's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), those circumstances are not present here. Quinteros's habeas petition is not even ripe for disposition, for it appears that the parties have until at least May 7, 2018, to file objections to Magistrate Judge Arbuckle's report. We trust that, once the habeas petition *is* ripe for disposition, Judge Brann will rule on it without undue delay.

In light of the above, we will deny Quinteros's mandamus petition.